*160 OPINION of the Court, by
Cht J. BoyLe.
This is a contest for land, and depends upon the Validity of the following entry :
“ February 9th 1784 — Israel Gilpin enters 790 acres of land, beginning at’John Lacie’s northeast corner, running with his line south 300 poles, turning west with his line 250*poles', thence south 300 poles, thence east 250 poles, then'ce^puth 300, thence east, joining Reed’s pre-emption of 1Ó00 acres, thence with his line down the creek to the corner and continuing with his line east at right angles to include the quantity.”
This entry containing no other description than by reference to the lines of the claims'therein mentioned,' can rjn‘>' he sustained by proof of the identity and notoriety of those claims. Lacy’s claim is a pre-emption 0f 1ÓOO acres ; and his survey, calling to lie on Stoner’s fork °f Licking, bears date the 15th of February 1783. The lines of this survey are sufficiently identified, but tliere is no proof that they had in fact acquired any notoriety at the date of the entry in question : and it may be assumed as a settled rule, that the circumstance that the survey is of record, is not a ground upon which it can be presumed that its lines had become notorious.
When a survey has been so long made that the law re-qUJres jt to be of record,* it will be presumed to be so ; a ^or *ts f,nes in an entry will render it† a part the description of such entry: but it is only in proportion as that description itf'in itself precise and certain, that it can impart precision and certainty to the £ntry dependant upon it.
.t,. *■ iiaC tnc per-ton was aitual-b l!vi«gon hit lump tí ve^ ' vidence that the landwaa known ty Óf'perímífiñ the vicinity,
^Although the nomnous^ yet as the bodv of £he fla'm wa> havebeen found *7. roafonabte Eftillvs.Hart's k“rs> Hard»57*
An entry cauing for Seed’s Prf emPtIoft> , when it had ⅛ afligned, entered and for. ^e7edfi^Cra,S notJ derive’any a>d from the certificate of lur
But the claim net ally IcnuSvn a'lufficient'caH of‘location.
*161 Lacy’s survey had been so long made, that if must be presumed to be of record ; but the only object called for by it, ivhich at the date of the entry was notorUItts, is Stoner’s fork ; arid that stream being of considerable length, the call for it is too vague and indescriptive to afford much, if any aid in support of the entry.
It appears, however, that Lacy had built a cabin and actually settled upon his survey prior to, apd continued to reside thereon until shortly after the locat%n in question had been made. This circumstaifee, naturally cal-cuiated to attract attention, is in itself sufficient to au- , , , y . . . . . , . tnorise a presumption tnat the land vvas known as his by the generality of those conversant in the vicinity ; and this presumption is fortified by the proof in the cause ol his having been visited by many hunters and travel-lers during his residence there.
Although, therefore, the certificate of survey was not sufficiently descriptive, nor the lines thereof notorious, yet as by his actual occupancy of the land his claim must have became known to those conversant in the neighborhood, it could not have required more than reasonable diligence to enable a subsequent locator to have found the lines of the survey. Notoriety, with reSpect to each particular object of location, has never been deemed requisite-to establish an entry. According to the Uniform course of decision, if there be such a connection between the particular objects of location and others which are notorious and referred to either expressly or by implication, that the former may without difficulty be found, it will be sufficient without shewing that they were also notorious.
The only other object called for is Reed’s pré-emption. It had been assigned to . May, and by him to Craig and Johnson, in whose names the entry and sur- ° J , , , } vey were made. 1 he survey bears date more than a year prior to the time when the entry in question was made, and mitst therefore be presumed to be of record. But the entry not having called for the survey by the names of Craig and Johnson, in whose names it could alone be found of record, it is clear that the description contained in the certificate of survey cannot afford any aid to the entry.
We conceive, however, that aid from that source is not necessary to the support of the entry : for it appears *162 that there' were six or eight persons in company at mafc-ins? the survey, all of whom knew that it was made for" o _-⅛ ... . i | Reed” pre-emption ; and it is expressly proven that the surVey, from the time when it was made until after the ^ate the entry in question, was generally known by the name of Reed’s pre-emption. This testimony is; not contradicted, and is in itself entirely probable. It. wa's-natural, fend believed to be usual1 in such cases for the survey' to have retained the name of the original owner of the claim ; and from the number of persons at' the making of the survey, it is by no means improbable that the name should have been considerably diffused.
Words in an *ttto°bere'ec* ted but'where thefenfe necef. firily requires
*The courfe eaji, to join Reed\ pre.emp-iron, muft yield fo fa/ as is ne-ceflary to ;⅛ entecan' nfif take more land than is located, but a fur. given bounda-ríes of a few a-to'vitiate*' "he
If the entry obj-fts, fo that there was no reafon to make one yield more than another, which boundaties contained too much land, the entry would be good only for as would ^be emmt to fur-veys of the pro. per quantity made upon eac& boundary — b^e Morgan vs Ro* binjon, Pr. Dec. .269 -~¿Craig yi* Rogers, Hard, ,138 — Smith vs» -Marrow, vol. lOl-M'.Crac-ken vs Steele, vol. 1, 51 — Marjhall ver jus Rough’s heirsf vol 2, 631 2.
*162 We accord, therefore, with the court below ip believing that the objects oflocation aré sufficiently estab-lishedi
But courti ln directing the mode of making the survey, have rejected the calls “ thence east 250 poles, thence south 300.” This, we think, is altogether arbi-tj-ary ani] unwarranted by any rule. There are instances' perhaps in which words may be rejected in the construction of entries ; but this ought to be dofte with-„reat cauúon, and never but where the sense of the lan- ® ’ .. . . . f1p, . guáge used• necessarily required tt. i his, we appre-bend, is not the case in t’rie present instance. It is true-l^at there be full effect g;ven to all the calls of the entry, the boundaries described w.ll contain more than the quantity of land entered, and th’e call “ thence east join- • Reed’s pre-emption of 1000 acres,” cannot be complied with as lar as regards the course, Rut it is much more rational to suppose that the locator was mistaken *n ^,e distances and situation of the objects called for,. than that he should have inserted two distinct calls which were not intended to have any effect,
is no doubt that the course mentioned in the call “ thence joining Reed’s pre-emption,” should bef, made to yield so far as to comply with the other branch £ ^ caU by running the line to the southwestern corr 1 3 b ■ r t_ ner of the survey upon- Reed's pre-emption : ior the course being given only as a mean to lead to the object, j8 right that the latter should control the former. ° ,. ,
Rutas the survey when made according to-the construction of the entry, would contain some acres more ’ts ffuantity, it becomes necessary to determine what effect this circumstance should have upon the en- *163 íry and the mode of surveying it. It is (dear that the claimant cannot be entitled to more than the quantity located ; but a surplus of a few acres ought not, we apprehend, to vitiate the whole entry. If the whole of the boundaries were described by sensible objects, so that there could be no reason for one to yield to or control another, the entry could only be good for so much as would be covered in common by surveys of the proper quantity made upon each of the boundaries. Rut jf the boundaries were so extensive that surveys might be made on different parts of the boundaries without covering any land in common, the entry would be good forgone, as was decided in the case of Bush vs. Jameson (ante 121). ,But -Where (as in this case) some of the boundaries are described by sensible objects, and others by distances only, there seems some reasop for making the latter yield to the former. Accordingly ip •the. case of Preeble vs. Vanhooser, (vol. 2, 118) (a) the entry of the appellee, calling for boundaries containing a greater quantity than he was entitled to, was sustained ■by shortening the distances called for so far as by complying with the other objects described in the entry, the ■survey would contain its proper quantity. This is clearly a casein point, and must govern the construction o,f .the entry in the present case.
But f\ the boundaries were io extensive that furveys on the different boundaries giwn might be made of the quantity, without having anv land in common* the entry would be void for uncertainty*
Calls for vi» Jible cbje&Sy Ze for dijlar.cesy oe. ing repugnant, the latter {hall yield to the former as far as..is neceflarv.
The survey should then be. made by contracting the •lines on the calls for distances in proportion to their re•spective lengths, so much as will barely include the •quantity mentioned in the entry by complying with the other calls. To so much as wi(l be included ,in a,survey thus made, and is included in the surveys as made ,upon the entry, the complainants are entitled. But as this mode of surveying will give to the defendants land which they lost by the decree of the court below, that •decree is so.far erroneous and must.be reversed with costs, &c.

 Three m'dnths at farthefi: after the .furvty is made — Vide Chan. Rev. ch. 13, p. 96, 1 Littell’s. E. L. K. p. 412. -

 in cafes heretofore decided, it fVems to have been confideted that an in-try mode and calling to adjoin a fu¿vey within twelve monthsafter tbatjurvey was made, could not be cAcad by the defeription ccntau ed in ihe 'Certificate of iütvov — Vide vol. 1, Galloway vs. Neale, 140—M'Cracken vs. Steele, 48— Cleiland's heirs vs. Gray, 40-Ward and Lee cn Young's claim, 27 - vol. 2, Davis vs. Bryant, 113, 114— Davis vs Davis, 137 — Wilson vs. Mason, 1 Cranch, p. 99, 100— See act of Virginia 1779, Chan. Rev. ch. 13, p 97 —— 1 Littell’s E. L. K, p. 146, as follows .* “ And for preventing hafty ancj furreptitious grants, and avoiding coutroverfies and expensive law íuit?, be jf etlafied, that no furveycr at any time within twelve mor.ibs aitdr rhe furvey made, iflue or deaver any certificate, copy, or plat of lano by him fur-veyed, except only to the perion or perfons for whom the fame was lurveyed,- or to his, h$r or their order, unlefs a caveat ihail have been entered againft a1 grant to the perfon claiming under fuch furvey,. to be proved by an authentic certificate of fuch caveat from the clerk,” &c.

 Patterson vs Bradford, Hard 107— B Swortb vs. Maxwell, Hard, 205.